```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

JONATHAN PHILLIPS, et al.,           )
                                     )
          Plaintiffs,                )
                                     )
     v.                              )    No.  12 C 1791
                                     )
DePAUL UNIVERSITY, etc., et al.,)
                                     )
          Defendants.                )

MEMORANDUM ORDER

This District Court's random assignment system has just delivered the captioned action to this Court's calendar via removal from the Circuit Court of Cook County's Chancery Division, with federal subject matter jurisdiction having been invoked by defendant DePaul University ("DePaul") under the Class Action Fairness Act. That assignment has triggered (as always) this Court's issuance of an initial scheduling order, but one aspect of the Complaint has also led to the contemporaneous issuance of this memorandum order.

As may be perfectly appropriate under state court practice, the Complaint couples the plaintiffs' pleading of evidence with a vengeance (its 134 paragraphs occupy just over 56 pages) with a substantial number of exhibits whose aggregate bulk exceeds that of the Complaint itself by a substantial margin. If such a filing had been attempted in this District Court as an original matter, there is no question that this Court would have stricken it as noncompliant with Fed. R. Civ. P. ("Rule") 8(a), which

calls for (1) "a short and plain statement of the grounds for the court's jurisdiction" and (2) "a short and plain statement of the claim showing that the pleader is entitled to relief."

That poses something of a dilemma. Pleading in the federal courts is of course controlled by the Rules, but plaintiffs' counsel can scarcely be faulted for conforming to state court practice in a lawsuit filed there in the first instance. All the same, this Court is loath to thrust on defense counsel the task of pleading in response to such an extraordinarily prolix Complaint that would not have passed muster if brought here in the first instance.

Accordingly plaintiffs' counsel are ordered to file, as promptly as possible, a self-contained Amended Complaint that more reasonably meets the Rule 8(a) standards,[1] after which defense counsel are ordered to file a responsive pleading within 21 days of their receipt of that Amended Complaint.[2] That task on both sides should readily be capable of completion before the initial status hearing, which (as always) this Court orders to be

---

[1] While they are at it, plaintiffs' counsel ought to correct their prayers for relief under what they have labeled as their First Cause of Action and Second Cause of Action. In each of those instances counsel have mistakenly asked relief against another law school (IIT Chicago-Kent College of Law) rather than named defendant DePaul.

[2] Even though the legal effect of an amended complaint is to supersede the original, in this instance the state court version can effectively serve the function of a detailed bill of particulars.

2

held 49 days after the original Complaint's filing in this federal court.

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 14, 2012