```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

JONATHAN PHILLIPS, et al.,     )
                               )
          Plaintiffs,          )
                               )
     v.                        )    No.  12 C 1791
                               )
DePAUL UNIVERSITY, etc., et al.,)
                               )
          Defendants.          )
```

### MEMORANDUM ORDER

Plaintiffs have moved to remand this CAFA action to its place of origin, the Circuit Court of Cook County, and defendant DePaul University ("DePaul") has filed its memorandum in opposition. Today this Court has ruled orally that if DePaul's presentation were to be modified to take account of the fact that its Law School's figures as to the states of citizenship of its current student body have been based on representations in the students' original applications for admission, while the year-after-year experience of DePaul's graduating classes is that a much higher percentage have chosen Illinois citizenship instead, it is a near certainly that well over two-thirds of the members of the proposed plaintiff classes in the aggregate are Illinois citizens. On that premise this Court would be compelled by 28 U.S.C. §1332(d)(4) to decline to exercise jurisdiction under 28 U.S.C. §1332(d)(2).

In that respect, even under DePaul's own skewed mixture of (1) the actual current citizenship of its alumni from the Law

School classes of 2007 through 2011 and (2) the non-current (and doubtless inaccurate) citizenship information as to the three in-school classes of 2012 through 2014, 1,604 putative class members out of a putative total of 2,440 have Illinois citizenship. That works out to 65.7%, or less than 1% below the two-thirds figure. That means that just 23 students of the Law School's present student body would have to have shifted to Illinois citizenship to compel this Court to decline CAFA jurisdiction.

But it is unnecessary to tweak the figures in that manner. More importantly, even if DePaul's skewed approach were to be adopted, this Court's oral ruling has explained in detail why the interests of justice and the totality of the circumstances have led this Court to decline under 28 U.S.C. §1332(d)(3) to exercise such jurisdiction. Accordingly this Court grants plaintiffs' motion to remand the action to the state court, and the Clerk of this District Court is ordered to mail the certified copy of the order of remand to the Clerk of the Circuit Court forthwith.

```
                            _____
                            Milton I. Shadur
                            Senior United States District Judge
```

Date: April 24, 2012